**UNITED STATES of America, Appellant,**

v.

**Leon L. CHULENGARIAN, Appellee.**

**No. 75–1411.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1976.

Decided March 2, 1976.

William B. Cummings, U. S. Atty., Norfolk, Va. (Justin W. Williams, Asst. U. S. Atty., Alexandria, Va., on brief), for appellant.

Judson W. Starr, Daniel G. Grove, Washington, D. C. [court-appointed] (Price, Grove, Engelberg & Fried, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

This is an appeal by the United States pursuant to 18 U.S.C. § 3731 from an order of the district court suppressing certain evidence discovered during a warrantless search of an automobile.[1] We reverse.

At approximately 3:00 a. m., on the morning of August 26, 1974, two United States

---

**1.** The government also seeks review of the district court's denial of a continuance as to Counts II and III of the original indictment following suppression of evidence pertaining to Count I. Assuming without deciding the government may so appeal, the granting or

Park Policemen responded to a report that a 1959 Chevrolet with Louisiana license tags was being driven in a reckless manner on the George Washington Memorial Parkway, a federal reservation near Alexandria, Virginia. The vehicle was subsequently stopped and the driver, one Evans, placed under arrest for "driving under the influence" [of alcohol]. Since Evans could produce no evidence of ownership of the vehicle, it was decided the car would be impounded and investigated further as a possible stolen auto. This defendant, Chulengarian, who was a passenger in the car, got out in order to be driven to Alexandria, where he could make other arrangements to get home.

As Chulengarian stepped from the car, a park police detective who had arrived on the scene, and who opened the door for Chulengarian, observed a pipe commonly used to smoke marijuana, as well as a marijuana cigarette, on the floor beside the seat. The police officer then observed the interior of the vehicle more closely and noticed an open brown bag in the back seat which contained two plastic bags of what appeared to be marijuana.[2]

The bags were seized and a more thorough search of the vehicle was conducted. Upon opening the glove compartment, a loaded snub nose .38 caliber revolver was discovered. As a result of this evidence, Chulengarian was placed under arrest for possession of drugs as well as possession of the pistol.

Both Chulengarian and Evans were transported to the Alexandria city jail. Their car was towed to the Park Police impound lot, where it was again searched for contraband, as well as for evidence of ownership, some three to four hours after the initial search. During this second search of the vehicle, two plastic bags of white powdery substance, later identified as cocaine, were discovered. In addition, the officers found two scales and a notebook containing narcotics records.

A third warrantless search of the car was conducted in the impoundment lot the next night. Still another bag of cocaine was discovered, this time in what was called the headliner above the passenger side of the front seat. This evidence, along with the cocaine and other evidence discovered during the earlier search at the impoundment lot, was suppressed by the district court on the grounds that these warrantless searches were searches for evidence as opposed to what it described as inventory or caretaker searches sanctioned in Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). As such, the court reasoned that there were no exigent circumstances which justified a search without a warrant.

■ The Supreme Court has recently [3] held, however, that where the police have probable cause to search an automobile at the scene of an arrest, they may do so later at the station house since the probable cause factor still obtains. Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), cited and construed Chambers v. United States, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), as follows:

"In Chambers v. Maroney, we held that police officers with probable cause to search an automobile on the scene when it was stopped could constitutionally do so later at the station house without first obtaining a warrant." 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209.

■ Here, the police had probable cause to search the vehicle at the time of the arrest upon observing what appeared to be two bags of marijuana in plain view in the

---

denying of a continuance is a matter within the sound discretion of the district court. We are of opinion the court did not abuse its discretion in denying the continuance, particularly in light of the fact that the evidence suppressed did not go to the guilt or innocence of the defendant under Counts II and III.

2. The substance later turned out to be phencyclidine impregnated on parsley. Phencyclidine is a schedule III controlled substance. See 21 U.S.C. § 812(c), Schedule III(b)(7). It is the subject of count II of the indictment and was not suppressed. See 21 U.S.C. § 841(a)(1).

3. The suppression hearing was held April 11, 1975.

back seat of the car as well as the pipe and cigarette. Also, no evidence of ownership of the vehicle could be produced by the driver who was driving "under the influence." The removal of the automobile to the police impoundment lot did not obviate the probable cause already existing so as to render the subsequent searches constitutionally impermissible. As in *Texas v. White,* " . . . '[t]he probable cause factor' that developed on the scene 'still obtained at the station house'." 423 U.S. 68, 96 S.Ct. at 305, 46 L.Ed.2d 209. The taking of the car to the police impoundment lot, where a thorough search could be conducted, was neither more of a seizure nor more of an intrusion than was involved in the on-the-scene search and seizure, both of which were permissible.

We are of opinion the district court erroneously suppressed the evidence seized in the searches conducted at the impoundment lot. The suppression order is accordingly set aside and the case remanded for further proceedings.[4]

*VACATED and REMANDED.*

---

4. No question is made on appeal of the suppression by the district court of certain evidence seized under search warrant.